IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

ELMA ORFILIA OROZCO JUAREZ  :
6014 Knollwood Drive  :
Apt. 11  :  Civil Action No.
Falls Church, Virginia 22041  :
 :
    Plaintiff,  :
 :
v.  :
 :
WHITE CLOUD SERVICES, LLC  :
6301 Yellowstone Drive  :
Alexandria, Virginia 22312  :
 :
    Serve: Resident Agent  :
          Norka Yelka Cardona  :
          6301 Yellowstone Drive  :
          Alexandria, Virginia 22312  :
 :
NORKA YELKA CARDONA  :
6301 Yellowstone Drive  :
Alexandria, Virginia 22312  :
 :
    Defendants.  :

## COMPLAINT

Plaintiff, Elma Orfilia Orozco Juarez ("Plaintiff"), by and through her attorneys, Mary Craine Lombardo, Eduardo S. Garcia and Stein Sperling Bennett De Jong Discoll PC, hereby files her Complaint against Defendants White Cloud Services, LLC and Norka Yelka Cardona ("Defendant"), under the D.C. Wage Payment and Collection Law ("DCWPCL"), D.C. ST § 32-1301, *et seq.*, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the D.C. Wage Revision Act ("DCMWRA") D.C. ST §32-1003, *et seq.*, stating as follows:

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

5219587_1

## INTRODUCTION

Plaintiff worked for Defendants as a cleaning laborer. Plaintiff was paid at the same weekly rate regardless of the hours worked. She worked approximately fifty-five hours per week and was not paid at the overtime rate of one and a half times her regular hourly rate as required by District of Columbia and federal law. Defendants also failed to pay Plaintiff at or above the required District of Columbia minimum wage and to pay Plaintiff for her final two weeks of work. Defendants have willfully violated the clear and well-established minimum wage and overtime provisions of the FLSA, the DCMWRA, and the DCWPCL. Plaintiff seeks compensatory and statutory damages for all unpaid minimum wages and overtime compensation, as well as attorneys' fees and costs.

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff is an adult resident of Virginia

4. Defendant White Could Services, LLC ("White Cloud") is a Virginia corporation, which is operating and doing business in the District of Columbia.

5. Defendant Norka Yelka Cardona is the owner of White Cloud.

6. At all times material herein, Defendants, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

7. Each Defendant is an "employer" within the meaning of the FLSA, the DCMWRA, and the DCWPCL.

8. Defendants have at least two or more employees who are engaged in commerce, handle, sell or otherwise work on goods or materials that have moved in or were produced for commerce. Defendants negotiate and purchase from producers and suppliers who operate in interstate commerce and serve customers in interstate commerce.

9. At all times relevant, Defendants constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r).

10. Defendant Norka Yelka Cardona controlled the day to day operations of White Cloud.

11. Defendant Norka Yelka Cardona had the power to hire, fire, suspend, and discipline Plaintiff.

12. Defendant Norka Yelka Cardona supervised Plaintiff directly or indirectly.

13. Defendant Norka Yelka Cardona directly or indirectly set and controlled Plaintiff's work schedule or had the power to do so.

14. Defendant Norka Yelka Cardona directly or indirectly set and determined the rate and method of Plaintiff's pay or had the power to do so.

15. The District Court of the District of Columbia has made clear that individual employers are liable regardless of corporate shields under FLSA and the DCWPCL if the employer met the economic reality test for "control." *Ventura v. Bebo Foods, Inc.*, 2738 F. Supp. 2d 1, 5 (DC 2010).

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

16. The economic reality test for "control" considers "whether the putative employer has the power to hire and fire, supervise and control work schedules or conditions of employment, determine rate and method of pay, and maintain employment records." *Id.*

17. Defendant Norka Yelka Cardona would be considered an employer for purposes of individual liability because of her intrinsic involvement in the business.

## FACTS

18. Plaintiff was employed by Defendants as a cleaning laborer from January 31, 2016 through February 27, 2017 (the "Employment Period").

19. Plaintiff was paid at a weekly rate of $500.00 regardless of the hours worked, which translated to a regular hourly rate of $9.09.

20. Plaintiff worked approximately fifty-five hours per week and was never compensated at the required overtime rate, of one and one half times her regular hourly rate, for those hours worked over forty.

21. Plaintiff is owed approximately $4,665.00 in overtime wages, $6,236.50 in unpaid minimum wages, and $600.00 in unpaid straight time wages.

22. Plaintiff is owed overtime wages that Defendants willfully failed and refused to pay to Plaintiff in violation of District of Columbia and federal law.

23. By statute, Defendants are required to maintain records which document the number of days Plaintiff worked. *See* 29 U.S.C. §211(c).

24. The precise number of hours worked, and wages owed, should be revealed through discovery.

25. Defendants knowingly and intentionally violated Plaintiff's rights under District of Columbia and federal law.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

## COUNT I
## (FLSA)

26. Plaintiff adopts herein by reference paragraphs 1 through 25 above as if fully set forth herein.

27. Defendants were required to pay Plaintiff compensation at the rate of one and a half times her regular hourly rate for all hours worked in excess of forty per week. *See* 29 U.S.C. § 207(a)(2).

28. Throughout the Employment Period, Defendants failed to compensate Plaintiff at the rate of one and a half times her regular hourly rate for all hours worked in excess of forty per week.

29. Defendants' actions complained of herein constitute a willful violation of Section 207 of the FLSA.

30. Defendants' violation makes them liable to Plaintiff for all unpaid overtime compensation, and an additional equal amount as liquidated damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, and in her favor in an amount to be determined at trial, but not less than $9,330.00, which is two times the total overtime compensation owed, reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## COUNT II
## (Violation of the D.C. Minimum Wage Revision Act)

31. Plaintiff adopts herein by reference paragraphs 1 through 25 above as if fully set forth herein.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

32. Starting July 1, 2015, Defendants were required to pay Plaintiff at least $10.50 per hour as required by D.C. law. After July 1, 2016, Defendants were required to pay Plaintiff at least $11.50 per hour. *See* D.C. ST §32-1003.

33. Defendants failed to compensate Plaintiff at or above the required District of Columbia minimum wage throughout the Employment Period.

34. Defendants were required to pay Plaintiff one and a half times her regular hourly rate for hours in excess of forty hours per week. *See* D.C. ST §32-1012.

35. Throughout the Employment Period, Defendants failed to properly pay Plaintiff's overtime as required by the DCMWRA.

36. Unpaid wages are due and owing to Plaintiff by Defendants.

37. Defendants' failure and refusal to comply with their obligations under the DCMWRA was willful and not in good faith.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, and in her favor in an amount to be determined at trial, but not less than $21,803.00, which is two times the total overtime compensation owed, reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## COUNT III
### (Violation of the D.C. Wage Payment and Collection Law)

38. Plaintiff adopts herein by reference paragraphs 1 through 25 above as if fully set forth herein.

39. The amounts owed to Plaintiff by Defendants for minimum wage and overtime constitute "wages" under the DCWPCL. D.C. ST § 32-1301(3).

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

40. Starting July 1, 2015, Defendants were required to pay Plaintiff at least $10.50 per hour as required by D.C. law. After July 1, 2016, Defendants were required to pay Plaintiff at least $11.50 per hour. *See* D.C. ST §32-1003.

41. Defendants failed to compensate Plaintiff at or above the required District of Columbia minimum wage throughout the Employment Period.

42. While employed by Defendants, Plaintiff worked overtime hours that were not properly compensated by Defendants as required by the DCWPCL.

43. Defendants also failed to compensate Plaintiff for her final two weeks of work.

44. Unpaid wages are due and owing to Plaintiff by Defendants.

45. Defendants' failure and refusal to comply with its obligations under the DCWPCL was not due to any bona fide dispute, and was therefore willful and not in good faith.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment against Defendants, jointly and severally, and in favor of Plaintiff in an amount to be determined at trial, but not less than $46,006.00 which is equals the unpaid wages plus treble damages; and to grant to Plaintiff her reasonable attorneys' fees and costs and such other and further relief as the Court deems just and proper.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

By: /s/ *Mary Craine Lombardo*
Mary Craine Lombardo (495881)
mlombardo@steinsperling.com

/s/ *Eduardo S. Garcia*
Eduardo S. Garcia (1028040)
egarcia@steinsperling.com

25 West Middle Lane
Rockville, Maryland 20850
(301) 340-2020
(301) 354-8126 – fax

*Attorneys for Plaintiff*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

8

5219587_1